UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-8042-WM

UNITED STATES OF AMERICA

v.

LENNY LAGUERRE,

        Defendant.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?  ___ Yes ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  ___ Yes ✓ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  ___ Yes ✓ No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: *Adam C. McMichael*

ADAM McMICHAEL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   0772321
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:    (561) 820-8711
Fax:   (561) 820-8777
Email:  Adam.McMichael@usdoj.gov

AO 91 (Rev 08/09) Criminal Complaint

FILED BY ____KJZ____ D.C.

Feb 10, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| LENNY LAGUERRE | ) Case No. 22-8042-WM |
| | ) |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 3, 2021__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a firearm and ammunition by a prohibited person - convicted felon |

This criminal complaint is based on these facts:

See attached affidavit in support of criminal complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Dominick B. Healey, Special Agent / FBI
*Printed name and title*

Sworn to and signed before me by
Telephone (Facetime) per
Fed. R. Crim. P. 4(d) & 4.1

Date: February 10, 2022

*Judge's signature*

City and state: West Palm Beach, Florida

William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF
## DOMINICK B. HEALEY, SPECIAL AGENT
## FEDERAL BUREAU OF INVESTIGATION

I, Dominick B. Healey, being duly sworn, do state and attest as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been since January 2019. I also served on active duty as a Military Police officer in the United States Army from December 2013 to March 2018. As an FBI Special Agent, I am an investigator and law enforcement officer of the United States within the meaning of Rule 41(a)(2)(c) of the Federal Rules of Criminal Procedure. I am also currently assigned to PB-2, the Violent Crimes and Major Offender Squad of the Palm Beach County Resident Agency. I have primarily been assigned to investigations dealing with firearms violations, commercial robberies, bank robberies, stalking, violent crimes against children, and other violent crimes. I have gained experience as a federal law enforcement officer and have received instruction and training in investigative techniques of violations of Federal law, including possession of firearm(s) by felon(s), in violation of Title 18, United States Code, Section 922.

2. This affidavit is based upon my own personal knowledge of the facts and circumstances surrounding the investigation and information provided to me by other law enforcement officers. This affidavit does not purport to contain all the information known to me about this case but addresses only that information necessary to support a finding of probable cause for the issuance of a criminal complaint charging LENNY LAGUERRE with Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922 (g)(1).

3. On July 3, 2021, an officer of the Boynton Beach Police Department (BBPD)

responded to the intersection of West Boynton Beach Blvd and Interstate 95 in Boynton Beach Florida, in reference to a vehicular crash. Upon his arrival the officer observed two vehicles: a 2019 White Dodge Charger and a 2016 White BMW I8 bearing Florida tag QPBQ32. Both vehicles had heavy front right corner damage with combination airbags deployed. The officer identified LENNY LAGUERRE as the driver of the BMW, who was injured, sitting on the ground, and leaning against the BMW when the officer arrived. The driver of the Dodge, S.V., was also present.

4.  S.V. described the circumstances of the vehicular crash to the responding officer and stated that LAGUERRE was the driver and sole occupant of the BMW. LAGUERRE was removed to a nearby emergency vehicle to receive medical care, while officers conducted a routine crash investigation. A BBPD officer observed a 'Streamlight' flashlight in plain view in the center console cup holder of the BMW, which is a type of flashlight designed to be affixed to a firearm.

5. A search inventory to tow was conducted at the scene of the crash prior to towing LAGUERRE's vehicle. During the search, law enforcement personnel recovered a black/gray handbag that was located behind the front passenger seat. A fully loaded Glock 23 firearm (hereinafter "the firearm"), bearing serial number LHB541, was located within the handbag. The firearm also contained a magazine loaded with thirteen (13) live ammunition rounds, and one (1) live ammunition round inside of the firearm's chamber. Also located inside of the same handbag was LAGUERRE's Florida Driver's License. Personnel of the Boynton Beach Fire Department (BBFD) declared a trauma alert for LAGUERRE and transported him from the scene to Delray Medical Center for medical

2

treatment.

6. The Glock 23 firearm was collected and entered into the Evidence Department of BBPD. On Monday, July 5, 2021, the original responding officer contacted a Violent Crime Task Force (VCTF) officer referencing suspicion that LAGUERRE may have been a convicted felon in possession of the recovered firearm, in violation of FSS 790.23.1(a). On the same day, the VCTF officer requested a criminal history for LAGUERRE, which revealed that LAGUERRE was previously adjudicated guilty of Aggravated Battery with a Deadly Weapon in violation of FSS 784.045.1(a)(2), and Delinquent in Possession of a Firearm in violation of FSS 790.23.1(b), both felonies in the state of Florida. A driver's license check also revealed that LAGUERRE was presently documented in the State of Florida as a habitual traffic offender, and possessed a suspended/revoked learner's permit.

7. The VCTF officer applied for a search warrant to retrieve a buccal swab from LAGUERRE in order to conduct a deoxyribonucleic acid (hereinafter "DNA") comparison of LAGUERRE's DNA to any present DNA material from the recovered firearm. The search warrant was signed on July 7, 2021, by the Hon. Judge Leonard Hanser of the 15th Judicial Circuit in and for Palm Beach County, Florida.

8. On July 8, 2021, LAGUERRE arrived at the Boynton Beach Police Department on his own recognizance in order to collect his personal property held by police after the crash. Specifically, LAGUERRE wanted to retrieve three (3) cell phones that he claimed were located in the vehicle. When he arrived at the police department, LAGUERRE was brought to an interview room to receive his property and be interviewed

by a law enforcement officer regarding the circumstances of the crash. Three (3) officers accompanied LAGUERRE into the interview room and closed the door after he sat down. LAGUERRE had not been advised of his Miranda rights at the time of the interview.

9. During the interview, LAGUERRE confirmed that he had been the operator and sole occupant of the vehicle, which he claimed belonged to a friend named "Dro." While law enforcement officers were returning two (2) of LAGUERRE's cell phones, he inquired about his third cell phone. LAGUERRE described the third cell phone as being a blue iPhone, the description of which is similar to a cell phone that was located within the black Gucci handbag that also contained the firearm. The officer claimed that only the two (2) phones were found. LAGUERRE advised that the phone may have been loose somewhere in the vehicle but that he was uncertain. LAGUERRE then asked whether officers saw a black Gucci bag in the vehicle, which the officer also denied.

10. The officer then questioned LAGUERRE about the Gucci bag within the vehicle. LAGUERRE stated that the handbag didn't belong to him, but that he had approximately $1,000 United States Currency inside of it. LAGUERRE advised that there weren't any additional objects inside of the handbag. Thereafter, LAGUERRE was arrested by BBPD officers pursuant to one felony count of Habitual Traffic Offender in violation of Florida State Statute (FSS) 322.34.5 and Driving While License Suspended/Revoked with Three (3) Prior Convictions in violation of FSS 322.34.2.C. Officers thereafter executed the DNA search warrant, that was issued the day prior, by collecting a DNA buccal swab from LAGUERRE.

10. In September 2021, FBI officials opened a federal investigation into the

4

case and transferred case evidence to FBI custody. Thereafter, the DNA swabs from the seized firearm and from the buccal sample of LAGUERRE were transferred to FBI custody and sent to the FBI Laboratory for comparative analysis. On January 24, 2022, FBI laboratory personnel published a report stating that there was very strong support that LAGUERRE's DNA was among four (4) contributors' DNA present on the firearm, and among three (3) contributors' DNA present on the firearm's magazine.

11. Specifically, a DNA mixture composed of combined swabs from the firearm's grip, slide, trigger, and eyesight, were compared to the buccal sample from LAGUERRE. The mixture was interpreted as originating from four (4) individuals. The report stated that the DNA results from the mixture were 1 in 82 octillion times more likely to have been contributed by LAGUERRE and three (3) unknown people, than it was to have been contributed by four (4) unknown people. A mixture of swabs from the firearm's magazine was similarly tested, resulting in DNA results from the mixture being 1 in 610 trillion times more likely to have been contributed by LAGUERRE and two (2) unknown people, than it was to have been contributed by three (3) unknown people.

12. On September 22, 2021, SA Healey (hereinafter "your affiant") physically examined the firearm, noting specific features and markings thereupon. On January 25, 2022, your affiant contacted GLOCK, Inc. and provided the serial number inscribed on the lower receiver of the firearm to a company representative. The representative confirmed that the firearm is a Generation 3 Glock 23, is assigned serial number LHB541, was manufactured in the country of Austria, and was not manufactured in the state of Florida. Based upon this information, it is your affiant's belief that the firearm was

5

manufactured outside of the State of Florida, and did therefore travel in interstate and foreign commerce.

13. Your affiant has reviewed certified copies of LAGUERRE's felony convictions filed in the Fifteenth Judicial Circuit Court in and for Palm Beach County. The copies revealed that on April 30, 2018, in case no. 2017CF009247AMB, LAGUERRE was adjudicated guilty of Aggravated Battery with a Deadly Weapon in violation of FSS 784.045(1)(a)(2)(2), and Delinquent in Possession of a Firearm in violation of FSS 790.23(1)(b)(d)(3), both 2nd Degree felonies in the state of Florida.

14. Based upon the foregoing, I respectfully submit that there is probable cause to charge LENNY LAGUERRE with Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922 (g)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Dominick B. Healey
Special Agent
Federal Bureau of Investigation

Sworn to me and subscribed before me this __10th__ day of February 2022 by Telephone (Facetime) per Fed. R. Crim. P. 4(d) and 4.1.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

6